IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD ERNEST BOYD,<br>　　　Petitioner,<br><br>　　　vs.<br><br>BRIAN COLEMAN, et al.,<br>　　　Respondents. | Civil Action No. 11-1608<br>Judge Lancaster<br>Magistrate Judge Mitchell |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.　　RECOMMENDATION

It is recommended that the petition for writ of habeas corpus filed by Petitioner Richard Ernest Boyd be dismissed and, because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II.　　REPORT

Petitioner, Richard Ernest Boyd, an inmate incarcerated in the State Correctional Institution at Fayette, Pennsylvania, brings this petition for a writ of habeas corpus in accordance with 28 U.S.C. § 2254, challenging his conviction on December 1, 2001 at No. 55 of 2000 on charges of involuntary deviate sexual assault (2 counts), indecent assault, sexual assault, statutory sexual assault, aggravated indecent assault and corrupting the morals of a minor and the sentence of 12 to 26 years' imprisonment, imposed by the Court of Common Pleas of Washington County, Pennsylvania on March 2, 2001.

For the reasons that follow, the Court should conclude that the petition was not filed in a timely manner and should be dismissed.

Procedural History

On November 18, 1999, Petitioner was charged with the seven offenses outlined above,

for having engaged in sexual intercourse and other sexual acts with Gloria Lynn Allen, his niece by marriage, over a period of time prior to her reaching the age of 18. On November 30, 2000, a jury trial began before the Honorable John F. Bell in the Court of Common Pleas of Washington County. Kristin Clingerman appeared on behalf of the Commonwealth and Petitioner was represented by Thomas Cooke, Deputy Public Defender. At the close of the trial on December 1, 2000, the jury found him guilty on all charges. He appeared for a sentencing hearing on March 2, 2001 and was sentenced to a total of 12 to 26 years' imprisonment.

Petitioner filed a notice of appeal on March 29, 2001. On April 6, 2001, Judge Bell appointed Michael J. Savona to represent him. On May 22, 2001, Judge Bell directed Petitioner to file his concise statement of matters complained of on appeal within 14 days. On June 4, 2001, Petitioner filed a motion for leave to file post sentence motion nunc pro tunc, which Judge Bell granted and directed him to file this motion within 10 days. Attorney Savona filed this motion on June 12, 2001. The appeal was docketed at No. 754 WDA 2001. On July 10, 2001, Petitioner filed a praecipe for discontinuance of his appeal in the Superior Court, and the appeal was discontinued.

On October 30, 2001, the post-sentence motion was denied by operation of law. On November 29, 2001, Petitioner filed a notice of appeal in the Superior Court. The appeal was docketed at No. 2086 WDA 2001. He raised the following issues:

> 1. Whether [Petitioner] is entitled to a new trial on the grounds that the verdict is contrary to the weight of the evidence?
>
> 2. Whether the prosecutor, in her closing remark to the jury, made a remark that constitutes reversible error due to the fact that it formed in the minds of the jury such hostilities towards [Petitioner] that the jury was unable to weigh the evidence objectively and render a true verdict?
>
> 3. Whether the evidence presented by the Commonwealth was sufficient to find [Petitioner] guilty beyond a reasonable doubt?

4. Whether trial counsel was ineffective for failing to call potential alibi witnesses and due to the fact that [Petitioner] testified at trial, which permitted the Commonwealth to introduce statements regarding his sexual history with the victim?

On June 13, 2002, Judge Bell filed his opinion and order denying the post-sentence motion. On March 11, 2003, the Superior Court affirmed the judgment of sentence, essentially for the reasons identified by Judge Bell in his June 13, 2002 opinion, which the court attached to its opinion.

On April 10, 2003, Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was docketed at No. 174 WAL 2003. On November 6, 2003, the court denied his motion.

On March 10, 2004, Petitioner filed a pro se petition pursuant to the Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-46 (PCRA). On March 19, 2004, Judge Bell appointed Joseph Zupancic to represent him. On April 15, 2004, Zupancic filed a motion for extension of time to file an amended PCRA petition and on April 16, 2005, Judge Bell granted the motion and ordered him to file it within 30 days. However, on May 17, 2004, Zupancic filed a "no merit letter" and a motion to withdraw as counsel. On July 1, 2004, Judge Bell granted Zupancic's motion to withdraw and on July 2, 2004, he issued a notice of intention to dismiss the petition within 20 days. On August 3, 2004, the court dismissed the PCRA petition.

On September 1, 2004, Petitioner filed a notice of appeal in the Superior Court, which was docketed at No. 1535 WDA 2004. He presented the following issues:

1) Does an information indictment remain valid indefinitely?

2) [Does the court lose] subject matter jurisdiction when [the] indictment expires & there can be no due process by an illegal court!

3) No special tribunal shall exist!

3

4) Subject matter jurisdiction is a non-waivable issue!

5) There is rebuttal [sic] presumption of valid indictment!

6) [An] indictment must enable [a defendant] to plead defense of double jeopardy!

7) [A] court, as a state agency, has not power to empower itself to override constitutional or legislated statutes!

8) When [subject] matter [jurisdiction] expired due to expired indictment, so did personal jurisdiction expire!

9) When indictment expires accused [should] be freed!

10) Rule 600 involves those in custody or on bail as opposed to those free, wherein statute of limitations controls!

11) Emotional firing of charge [sic] of sexual offender cannot be allowed to supersede statutes, and rules!

12) There was extreme ineffectiveness of trial counsel!

13) There was ineffectiveness of trial counsel for failure to request jury instruction on lack of prompt complaint!

14) [The trial] court erred by not giving [a] jury instruction of credibility of complainant, in lieu of the prosecutions assertion of mental limitations!

15) [The prosecutor] cannot claim due diligence due to the fact that pros. [sic] allowed, or failed to discover mixup [sic] in Dock. No. in order to evade requirements of Rule 600!

16) [The prosecutor] failed to prove every element of crime charged!

17) [The prosecutor] bolstered the gov. [sic] witness testimony!

18) Police [officer] doe bot [sic] and cannot claim expert witness status because he couldn't even tell when alleged victim was lying!

19) [The prosecution] witness herself refutes [the prosecutor's] allegation of limited mental capabilities!

20) [The prosecutor was] negligent in [her] duty to court, pros. also responsible for advising court of expiration of Rule 600 and the need for dismissal!

21) Trial counsel [was ineffective] for ignoring all the preceding issues!

22) There was layered ineffectiveness of trial & appeal counsels [sic] for failure to raise all the issues which trial counsel ignored!

On July 1, 2005, the Superior Court affirmed the dismissal of the PCRA petition. The court found the issues either previously litigated or meritless. On October 28, 2005, Petitioner filed a petition for leave to file petition for allowance of appeal nunc pro tunc in the Pennsylvania Supreme Court, which was docketed at No. 88 WM 2005. On December 14, 2005, the court denied his motion.

On February 2, 2006, Petitioner filed a second PCRA petition. On March 14, 2006, the Commonwealth filed a motion to dismiss the petition for failing to make a "strong prima facie showing that a miscarriage of justice had occurred." On July 11, 2006,[1] Judge John F. DiSalle filed an order dismissing the petition, concluding that Petitioner failed to satisfy the standard for consideration of a successive PCRA petition and that the petition was untimely. On July 20, 2006, Petitioner filed a notice of appeal, which was docketed in the Superior Court at No. 1404 WDA 2006. On August 21, 2006, Judge DiSalle ordered Petitioner to file a concise statement of matters complained of on appeal within 14 days, but he did not do so. On October 24, 2006, Judge DiSalle filed his opinion, in which he concluded that Petitioner had waived any potential issues on appeal by not filing his concise statement.

On May 2, 2007, the Superior Court filed an opinion affirming the dismissal of the second PCRA petition. The court did not conclude that Petitioner had waived the issues because the record indicated only that a copy of the court's August 21, 2006 order was sent to the "public defender" but there was no indication that a public defender had been appointed to represent him and he stated that he never received this order. However, the Superior Court determined that the

---

[1] The order was signed on June 30, 2006 but not filed until July 11, 2006.

petition was untimely because it was not filed within one year of the date the judgment became final, namely February 4, 2004. Because he had not filed the petition by February 4, 2005, the court concluded that it was untimely and he did not demonstrate that he met any of the exceptions identified in 42 Pa. C.S. § 9545(b). The opinion was published as Commonwealth v. Boyd, 923 A.2d 513 (Pa. Super. 2007).

On May 24, 2007, Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was docketed at No. 233 WAL 2007. On September 6, 2007, the court denied his petition for allowance of appeal.

On January 14, 2008, Petitioner filed a third pro se PCRA petition. On March 13, 2008, Judge DiSalle appointed Jeffrey Watson to represent him. However, Watson filed a "no-merit" letter on July 8, 2008 and on July 14, 2008, Judge DiSalle filed a notice of intention to dismiss. On August 6, 2008, Watson filed a motion to withdraw appearance, to which Petitioner responded on August 7, 2008. On August 11, 2008, Judge DiSalle granted Watson's motion to withdraw and dismissed the third PCRA petition pursuant to Pa. R. Crim. P. 907(1).

On September 4, 2008, Petitioner filed a notice of appeal in the Superior Court. However, he did not continue this appeal, and on September 15, 2008, the Superior Court notified him by letter that his appeal would be discontinued because he failed to provide the appropriate filing fee or certification of indigence.

Finally, on April 7, 2009, Petitioner filed a motion for reconsideration of sentence nunc pro tunc. On May 27, 2009, Judge DiSalle denied the motion.

Petitioner filed this petition on October 31, 2011. In it, he raises the following claims:

[I]. The failure of the State to afford the petitioner Effective Counsel at all Stages of a criminal proceeding.

II. The Criminal Information as Amended by the District Attorney is <u>Null</u> and

<blockquote>

<u>Void</u> as he amended the information by unlawfully adding a new Criminal Count which violates the rules of Criminal Procedure.

III. Counsel had a fiduciary duty to the petitioner to object to the imposition of the sentence as the evidence used by the D.A. was insufficient to meet his burden of proof.

IV. The petitioner move this district Court to Pursuant to pendent State Jurisdict[ion] to bring the entire State Record into the court for a Constitutional review predicated upon State Rules of criminal Procedure.

V. Counsel had a Fiduciary Duty to the Petitioner to object to the Court's <u>Jurisdiction</u> as the State's entire prosecution was predicated upon hearsay.

VI. Counsel's Ineffectiveness when he failed to Secure for Petitioner His Discovery for Petitioner to view, Petitioner has the right even when he has an Attorney to represent him. This is a violation of Due Process 6th Amendment of Pennsylvania law.

VII. The Petitioner's <u>Rule</u> <u>600</u> rights to a speedy trial in the State of Pennsylvania was violated. The Question of not being represented at a point of a petitioner's hearing, cannot be used here due to the fact that Petitioner can <u>represent</u> <u>him</u> <u>self</u> at any point of any hearing or even trial.

VIII. The District Attorney of Washington County obstructed Justice in this case Knowing that She violated RCP Rule 600 allowing this defendant to be tried after the fact the time had expired and then using Prosecutionally misconduct knowingly. The District Attorney is not only a Prosecutor but also the minister of justice for the state. Judicial Code of Ethics RCP, State constitution.

[IX]. Common Pleas Court is Guilty of Governmental Interference Procedural Default and they Obstructed Justice failing to process A Habeas Corpus filed within [their] Jurisdiction which met the criterion. This was filed To Washington County Court on Nov. 2, 2009. This was Legally filed with proof of Service. I Have a letter from John A. Vaskov, Esq. Stating that there was no such docket entry. I have Proof of mailing and receiving of said Petition this violates 42 CSA 6501.

</blockquote>

(Pet. ¶ 13.)

On February 12, 2012, Respondents filed an answer to the petition. They argue that: 1) the petition is untimely; and 2) the claims were not properly exhausted. Because the petition was not timely filed, the Court need not reach the second argument.

Timeliness

Respondents contend that the petition, which was filed on October 31, 2011, is untimely. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petition for writ of habeas corpus must be filed within one year of the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, 28 U.S.C. § 2244(d)(1)(A), although the time during which a "properly filed" application for post-conviction relief is not counted toward the period of limitation, § 2244(d)(2). Petitioner's direct review became final on February 4, 2004, namely 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal on November 6, 2003 and the period of time in which he could have filed a petition for writ of certiorari in the United States Supreme Court expired. Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999).

Petitioner filed his first PCRA petition on March 10, 2004 (35 days after his direct review became final), which tolled the time to file his petition for writ of habeas corpus until such time as the Pennsylvania Supreme Court denied his petition for allowance of appeal nunc pro tunc with respect to that petition on December 14, 2005. He did not file his habeas petition here within 330 days of December 14, 2005, or by November 9, 2006.

He did file a second PCRA petition on February 2, 2006. However, that petition was not "properly filed" because it was untimely, as the Superior Court determined on May 2, 2007. Thus, neither the second nor the third PCRA petition tolled the time limitation and the instant petition, filed on October 31, 2011, is untimely. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003).

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549 (2010). However, a petitioner invoking equitable tolling must

8

point to "extraordinary circumstances" and demonstrate that he exercised "reasonable diligence" in pursuing his rights. Id. at 2562-63. In this case, Petitioner does not even argue that equitable tolling applies, nor does he point to extraordinary circumstances or reasonable diligence that would excuse his five-year delay in filing this case.

Certificate of Appealability

The decision whether to grant or deny a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983). If a certificate of appealability is granted, the Court of Appeals must consider the merits of the appeal. However, when the district court denies a certificate of appealability, the Court of Appeals can still grant one if it deems it appropriate. 28 U.S.C. § 2253. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This petition does not present a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should be denied.

For these reasons, it is recommended that the petition for writ of habeas corpus filed by Petitioner Richard Ernest Boyd be dismissed and, because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: March 1, 2012

cc: Richard Ernest Boyd
EP-5703
SCI Fayette Box 9999
LaBelle, PA 15450-0999